# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R. FINE, Individually and On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>KANSAS CITY LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 2:22-cv-02071-SSS-PD<br><br>**PROTECTIVE ORDER** |

Defendant Kansas City Life Insurance Company ("KCL") anticipates that this case will involve discovery of confidential information, including competitively sensitive and proprietary business information and other private, sensitive, and/or non-public materials. The Court finds good cause for entering a protective order. Fed. R. Civ. P. 26(c).

Accordingly, it is hereby **ORDERED** that the following provisions of this Protective Order ("Order") shall govern the confidential information produced in the course of this civil action:

1. **SCOPE OF THE PROTECTIVE ORDER**

This Order shall govern the use of Confidential Information (as defined below) produced during discovery in this Action. The Court shall determine how Confidential Information is to be treated at trial. All references to "Party," "Parties" or "Designating Party" throughout this order are intended to include non-parties to this Action other than the Court.

For purposes of this Order, the Party designating information, documents, materials or items as "Confidential," or asserting that testimony is "Confidential" (the "Designating Party") bears the burden of establishing the confidentiality of all such information, documents, materials or items.

2. **DEFINITION OF "CONFIDENTIAL INFORMATION"**

For purposes of this Order, "Confidential Information" shall mean the following types of documents, testimony, and information:

(i) information that constitutes a trade secret;
(ii) non-public technical, commercial, financial, or business, including, without limitation, non-public actuarial projections, analyses or studies;
(iii) non-public communications with regulators, Departments of Insurance or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

    (iv)    information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

    (v)    personal identity information of Kansas City Life Insurance Company ("KCL") policyholders.

    2.1    Any copies or reproductions, excerpts, summaries or other documents or media that contain or incorporate Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

    2.2    Nothing in this Order shall be construed as requiring KCL to produce any personal identity information, nor any other policyholder information that is protected from disclosure under applicable state or federal law.

**3.    MARKING DOCUMENTS "CONFIDENTIAL"**

The Designating Party shall designate Confidential Information by stamping copies of any document or discovery response produced to a Party with the legend "CONFIDENTIAL." Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. As reasonably practicable, to the extent that a document or other material contains both Confidential Information and non-confidential information, the Designating Party shall clearly delineate the particular portions that constitute Confidential Information and the remaining portions of the document or material shall be deemed to be not Confidential. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear. Where it is not reasonably practicable to mark a document "CONFIDENTIAL," such as when a spreadsheet is produced only in its native electronic format, then the file name or written communication associated with the production shall clearly indicate the "CONFIDENTIAL" designation of such document.

## 4. DESIGNATING DEPOSITIONS "CONFIDENTIAL"

With respect to any deposition, confidential treatment may be invoked by designating specific testimony as "Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition in which the designations are to be made. All deposition transcripts shall be treated as Confidential Information for 30 days following receipt of the final transcript, unless the Parties otherwise agree.

## 5. DESIGNATIONS TO BE MADE IN GOOD FAITH

The Parties agree to limit their designation of Confidential Information solely to information that they, in good faith, believe qualifies for such designation under this Order. No Party receiving Confidential Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

## 6. USE OF "CONFIDENTIAL" MATERIAL

Material designated by a Party or their counsel as Confidential Information under this Order shall be used by persons receiving it only for the purposes of the litigation or settlement of this Action.

## 7. INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION: NO WAIVER

If at any time prior to the trial of this Action, a Party realizes that previously undesignated documents or other material should be designated as Confidential Information, the Party may so designate by advising all other Parties in writing. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Information and to retrieve the newly designated Confidential

Information from any person who is not permitted by this Order to have Confidential Information.

**8.   "QUALIFIED PERSONS"**

Confidential Information may be disclosed only to the following "Qualified Persons":

   a.   the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

   b.   the Parties, including KCL employees, and counsel of record for the Parties, including all partners, associate attorneys, and other attorneys of such counsel's law firms who are assisting in the conduct of the action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the Parties in the action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

   c.   litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a Party or its counsel;

   d.   consulting or testifying experts, including associated personnel necessary to assist experts in the action;

   e.   any person who created or authored such Confidential Information and any persons to which the Confidential Information has been previously disclosed;

   f.   auditors and insurers of the Parties;

   g.   any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Action;

       h.    any witness testifying under oath at any deposition, hearing, or trial in this Action; and

       i.    any other person as may be designated by written agreement by the producing Party or by order of the Court in this Action.

Except as provided above in this paragraph 8, counsel for the Parties must keep all Confidential Information that is received under this Order secure within their exclusive possession and must place such Confidential Information in a secure area.

## 9. EXECUTING THE NON-DISCLOSURE AGREEMENT

Each person to whom Confidential Information is disclosed, except the persons identified in 8(a), (b), (c), (e), and (g) above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information. Copies of the executed Exhibit A shall be retained by any party disclosing Confidential Information to such person, and counsel for any Party to the Action that receives Confidential Information from a Designating Party shall obtain and retain a copy of all such executed agreements pertaining to any such persons who obtain Confidential Information directly or indirectly from such Party to the Action. Counsel for the receiving party shall be responsible for ensuring compliance by all persons to whom it provides Confidential Information directly or indirectly with the non-disclosure agreement.

## 10. CHALLENGING "CONFIDENTIAL" DESIGNATIONS

A Party or other person objecting to the designation of any material as Confidential Information shall give written notice to the Designating Party. Upon receipt of the written objection, counsel for the Designating Party shall, within 14 days, provide a written response to the objecting Party explaining the basis for the designation as Confidential Information; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential Information without a Court order. The Parties and any other objecting person(s) shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party or person and the Designating

Party cannot resolve their dispute through such meet and confer discussions, the Designating Party, within 14 days after serving its response to the objection notification, must file a motion with the Court to continue the designation of the material as Confidential Information. The Designating Party has the burden of establishing that the document is entitled to protection. Provided that the Designating Party makes an application to the Court within the time period set forth above, any material so designated shall remain Confidential Information and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER PROTECTED INFORMATION

Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing Party notifies the receiving Party in writing reasonably promptly after it becomes aware of such inadvertent production. The written notice shall identify the inadvertently produced document(s) and describe the basis for requesting the return or destruction of each inadvertently produced document.

Upon receipt of the written notice, the receiving Party shall promptly comply with the request and return, sequester, or destroy such documents. If the Parties do not agree that the document is entitled to protection, the Parties shall follow the procedures in the paragraph above for challenging "Confidential" designations. Any Party or individual having inadvertently received information that it knows to be privileged or protected shall not wait for notice from the producing Party and is expected to notify the other Party of the receipt of the inadvertently produced information and shall return or destroy the inadvertently produced document(s), as soon as it is known that the document and information contained therein is privileged and/or protected. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state

proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties. Nothing in this paragraph is intended to diminish the rights and benefits otherwise accorded to a producing Party under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

### 12. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Party has received Confidential Information and learns that, by inadvertence or otherwise, it has disclosed such Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as Attachment A.

### 13. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a non-party to this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a nonparty's confidential information that is in the Party's possession, and the Party is subject to an agreement with the non-party not to produce that non-party's confidential information, then the Party shall:

(1) promptly notify in writing the requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; promptly provide the non-party with a copy of this Order,

the relevant discovery request(s), and a reasonably specific description of the information requested; and

(2) make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the nonparty's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

## 14. SUBPOENA FOR CONFIDENTIAL INFORMATION[1]

If any Party has obtained Confidential Information under the terms of this Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). The producing Party shall object to the process or subpoena and not produce or disclose the Confidential Information unless compelled by Court Order or the Designating Party fails to object to the process or subpoena within seven (7) business days of receiving notice.

## 15. FILING CONFIDENTIAL INFORMATION

All documents or things filed with the Court, which comprise, contain, refer to, or disclose Confidential Information shall be docketed and filed under seal without further order from the Court and shall be filed in accordance with the Court's Local Rules.

---

[1] The Parties agree that the obligations of the Parties as stated in the protective orders entered in *Karr v. KCL*, *Meek v. KCL*, and *Sheldon v. KCL*, shall comport with the language stated in this Section 14.

### 16. NO LIMITATION ON USE OF OWN INFORMATION

Nothing herein shall impose any restriction on the use or disclosure by a Party of its own information or of information that lawfully came into the possession of the Party independent of any disclosure of information in this litigation.

### 17. USE OF CONFIDENTIAL INFORMATION AT ANY PUBLIC HEARING

If any Party intends to use Confidential Information at a hearing in this matter that is open to the public, that Party shall meet and confer with all other affected Parties or non-parties in advance of such hearing to establish reasonable procedures that would allow objections to such disclosure to be made and ruled upon in advance of the Confidential Information being used. The Parties may make recommendations to the Court regarding the handling of Confidential Information in a hearing but the presiding judge shall determine how those materials will be handled during a hearing.

### 18. USE OF CONFIDENTIAL INFORMATION AT TRIAL

The Parties shall disclose any exhibits containing Confidential Information that they intend to introduce at trial, and the Parties shall be prepared at the pretrial conference to discuss how such exhibits shall be used at trial and what protection from disclosure is warranted. The Designating Party shall bear the burden of demonstrating sufficient cause to maintain the confidentiality of specific documents or information through trial. In the event a document containing Confidential Information may be used at trial for the sole purpose of impeachment, the Parties shall address any necessary protection as soon as practicable after the document has been used. The Parties may make recommendations to the Court regarding the handling of Confidential Information in a trial but the presiding judge shall determine how those materials will be handled during a trial.

### 19. ORDER SURVIVES LITIGATION

This Order shall be binding throughout and after final adjudication of this Action, including, but not limited to, final adjudication of any appeals and petitions for

extraordinary writs. Nothing in this Order shall be construed to contradict any provision of law.

20. **FINAL TERMINATION**

Upon final termination of this Action, including any and all appeals, counsel for each Party shall return all Confidential Information to the Party that produced the information, including any copies, excerpts and summaries thereof, or may destroy same with the consent of the producing Party; and shall purge all such information from all machine-readable media on which it resides.

Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Confidential Information need not be given to the producing Party nor destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information. This paragraph shall not apply to documents filed under seal in the Court's electronic records.

21. **MODIFYING THIS ORDER**

Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**IT IS SO ORDERED.**

Dated: Sept. 28, 2022

*Patricia Donahue*
_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE COURT JUDGE

| | | | |
|---|---|---|---|
| 1 | Dated: September 27, 2022 | By: | /s/ Ethan M. Lange |
| 2 | | | Patrick J. Stueve (admitted *PHV*) |
| | | | stueve@stuevesiegel.com |
| 3 | | | Ethan M. Lange (admitted *PHV*) |
| 4 | | | lange@stuevesiegel.com |
| | | | Lindsay Todd Perkins (admitted *PHV*) |
| 5 | | | perkins@stuevesiegel.com |
| 6 | | | David A. Hickey (admitted *PHV*) |
| 7 | | | hickey@stuevesiegel.com |
| | | | **STUEVE SIEGEL HANSON LLP** |
| 8 | | | 460 Nichols Road, Suite 200 |
| 9 | | | Kansas City, Missouri 64112 |
| | | | Tel:   816-714-7100 |
| 10 | | | Fax:   816-714-7101 |

John J. Schirger (admitted *PHV*)
jschirger@millerschirger.com
Matthew W. Lytle (admitted *PHV*)
mlytle@millerschirger.com
Joseph M. Feierabend (admitted *PHV*)
jfeierabend@millerschirger.com
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel:   816-561-6500
Fax:   816-561-6501

E. Scott Palmer (State Bar No. 155376)
scott@palmerhunter.com
Katelyn B. Hunter (State Bar No. 280568)
katelyn@palmerhunter.com
One Wilshire Building
624 S. Grand Avenue, Suite 2200
Los Angeles, California 90017
Tel:   213-629-8704
Fax:   213-629-8703

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| Dated: September 27, 2022 | By: | */s/ Adam R. Fox* |

Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

J. Randolph Evans (Ga. Bar No. 252336)
*Admitted pro hac vice*
randy.evans@squirepb.com
Francisco J. Rolon (Ohio Bar No. 99191)
*Admitted pro hac vice*
francisco.rolon@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1201 W. Peachtree St., Suite 3150
Atlanta, GA 30309
Telephone: (678) 272-3215
Facsimile: (678) 272-3211

John W. Shaw (Mo. Bar No. 26205)
*Admitted pro hac vice*
jshaw@berkowitzoliver.com
Lauren Tallent (Mo. Bar No. 72304)
*Admitted pro hac vice*
ltallent@berkowitzoliver.com
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

*Attorneys for Defendant Kansas City Life Insurance Company*

12
PROTECTIVE ORDER

# EXHIBIT A

# CONFIDENTIAL NON-DISCLOSURE AGREEMENT

Case Name:     *Robert R. Fine v. Kansas City Life Insurance Company*

Case Number:   United States District Court, Central District of California, Case No.: 2:22-cv-02071-SSS-PD

  1.  I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Central District of California, on _____ in this matter. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

  2.  As set forth in the Order, I shall use information that has been designated as confidential solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose confidential information except as permitted in the Order.

  3.  I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California.

DATED: _____     _____
                                          Signature

                                          _____
                                          Print Name